PEOPLE v RODRIGUEZ
PEOPLE v CORTEZ
PEOPLE v ASTRAN
PEOPLE v BERMUDEZ
PEOPLE v JESSE LOPEZ

1. SEARCHES AND SEIZURES—AFFIDAVITS—PROBABLE CAUSE—PERSONAL
   KNOWLEDGE—INFORMANT INFORMATION.

   The purpose of the affidavit upon which a search warrant is to be
   based is to supply a magistrate with reliable information on
   which to judge the question of reasonable or probable cause for
   a requested search, and where the affidavit is based on infor-
   mant information, and the affiant states facts from his personal
   knowledge which establish the reliability of informant informa-
   tion, there is no reason to require anything further.

2. SEARCHES AND SEIZURES—AFFIDAVITS—INFORMANT INFORMATION—
   PROBABLE CAUSE—DRUGS AND NARCOTICS.

   A magistrate must act on all of the facts available in determining
   whether a search warrant will issue; an affidavit establishing
   probable cause for a search warrant to search for marihuana
   supported the affiant's conclusion that the marihuana was
   where it was claimed to be where all of the available facts
   supported such a conclusion.

3. SEARCHES AND SEIZURES—AFFIDAVITS—PROBABLE CAUSE—CORROBO-
   RATION OF INFORMATION—EXPERIENCED INVESTIGATORS—LAY-
   MEN.

   A trained investigator's affidavit establishing probable cause for a

---

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 21 Am Jur 2d, Criminal Law § 332.

   68 Am Jur 2d, Searches and Seizures §§ 64-69.

   Propriety of considering hearsay or other incompetent evidence in
   establishing probable cause for issuance of search warrant. 10
   ALR3d 359.

[4, 5] Governmental privilege against disclosure of official information
   —Federal cases. 95 L Ed 433, s. 97 L Ed 735.

[5] 81 Am Jur 2d, Witnesses §§ 178, 294.

[6] 73 Am Jur 2d, Statutes § 204 et seq.

[7] 21 Am Jur 2d, Criminal Law § 226.

[8] 75 Am Jur 2d, Trial § 192 et seq.

search warrant to issue for marihuana sufficiently stated facts establishing independent corroboration to one experienced in drug investigation of informant information even though what was observed may not have provided independent corroboration to a layman.

4. WITNESSES—INFORMANTS—REVELATION OF IDENTITY—MATERIAL WITNESSES—ABUSE OF DISCRETION.

Revelation of the identity of a police informant who provides information which is independently corroborated by a police officer and which provides the necessary probable cause for a search warrant to issue is not required unless the informant is a material witness to the resulting prosecution, and where no abuse of discretion is shown, a trial court's determination that such an informant is not a material witness will not be disturbed on appeal.

5. WITNESSES—CRIMINAL LAW—MOTIONS—INDORSEMENT OF WITNESSES —RES GESTAE WITNESSES.

It was proper for a trial court to deny a motion for the indorsement of a confidential police informant as a witness in a trial for possessing marihuana where the record supports a finding that the confidential informant was not a res gestae witness.

6. DRUGS AND NARCOTICS—STATUTES—MARIHUANA—VARIETIES—CLASSIFICATION.

Case precedent holds that more than marihuana of the *Cannabis sativa* variety is covered by the statute proscribing marihuana; therefore, it is unnecessary to distinguish that variety from *Cannabis indica* or *Cannabis ruderalis*.

7. CRIMINAL LAW—LESSER INCLUDED OFFENSES—DRUGS AND NARCOTICS—DISORDERLY CONDUCT.

Disorderly conduct is not a lesser included offense of the crimes of unlawfully manufacturing marihuana, unlawful possession of marihuana with intent to manufacture, unlawful possession with intent to deliver marihuana, or unlawfully keeping or maintaining a dwelling used for keeping or storing marihuana.

8. CRIMINAL LAW—PROSECUTORS—PREJUDICIAL REMARKS—CLOSING ARGUMENTS—ENTIRE ARGUMENT.

The comments by a prosecuting attorney during closing argument are to be judged in context with the entire argument for determination of any prejudicial effect.

Appeals from Clinton, Leo W. Corkin, J. Submit-

ted November 12, 1975, at Lansing. (Docket Nos. 22686, 22687, 22688, 22689, 22690.) Decided November 24, 1975. Leave to appeal denied, 396 Mich —.

Ramiro Rodriguez, Raul Cortez, Enrique Astran, Ygnacio L. Bermudez and Jesse Lopez were convicted of unlawfully manufacturing marihuana, unlawfully possessing with intent to manufacture marihuana, and unlawfully possessing marihuana with intent to deliver. Ramiro Rodriguez was also convicted of unlawfully keeping or maintaining a dwelling used for keeping or storing marihuana. Defendants appeal. Cases consolidated. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Jon W. Newman,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Dennis M. Powers,* Assistant Attorney General), for the people.

*Farhat, Burns & Story, P. C.* (by *E. Michael Stafford),* for defendants on appeal.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

QUINN, P. J. All defendants were charged with violating MCLA 335. 341(1)(c); MSA 18.1070(41)(1)(c), in that they did unlawfully manufacture marihuana (count I), that they unlawfully possessed with intent to manufacture marihuana (count II), and that they unlawfully possessed with intent to deliver marihuana (count III). In addition, defendant Rodriguez was charged with unlawfully keeping or maintaining a dwelling used for keeping or storing marihuana contrary to MCLA 335.342(1)(e); MSA 18.1070(42)(1)(e). The

jury returned verdicts of guilty on all counts. Defendants were sentenced, their motion for new trial was denied and they appeal. The issues raised on appeal will be discussed in the same order as briefed by defendants.

Prior to trial, defendants moved to quash the search warrant and suppress certain evidence. The motion was based on the alleged inadequacy of the affidavits on which the search warrant was based. Defendants' first four issues relate to the inadequacy of the affidavits.

MCLA 780.651; MSA 28.1259(1) provides:

"When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases and when the affidavit establishes the grounds for issuing a warrant pursuant to this act, the magistrate, if he is satisfied that there is reasonable or probable cause therefor, shall issue a warrant to search the house, building or other location or place where the property or thing which is to be searched for and seized is situated."

MCLA 780.653; MSA 28.1259(3) provides:

"The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein."

Two affidavits were presented to the magistrate who issued the search warrant. These affidavits were a mixture of the personal knowledge of the affiants and information they had received from informants. The personal information was ob-

tained by surveillance and investigation and corroborated the informant information. As to the information supplied by informants, the affidavits failed to contain affirmative allegations that the informants spoke with personal knowledge of the information, but the affidavits did contain facts relating to the reliability and credibility of the informants.

Defendants assert four inadequacies in the affidavits:

a. No affirmative allegations that the informants spoke with personal knowledge.

b. Failure to state underlying facts to support the affiants' conclusions as to the credibility and reliability of the informants.

c. Failure of the informant information to furnish facts to support affiants' conclusion that the marihuana was where it was claimed to be.

d. Failure to state facts establishing independent corroboration of the informant information.

1. The first attack on the adequacy of the affidavits requires an interpretation of MCLA 780.653. We read the statute as covering two types of affidavits, namely: one in which the affiant states facts, and one in which the affiant states only informant information. The latter type may be sufficient if the information is reliable, from a credible person and if the affidavit contains affirmative allegations that the informant spoke with personal knowledge of the information. Neither type specifically fits the hybrid type of affidavits before us.

The purpose of the affidavit is to supply the magistrate with reliable information on which to judge the question of reasonable or probable cause. In the case of an affidavit based only on informant information, the requirement for an affirmative

allegation that the informant spoke with personal knowledge of the information is necessary to supply the reliable quality of the information. Where the affiant states facts from his personal knowledge which establish the reliability of the informant information, there is no reason to require anything further. The affidavits before us contain facts stated by the affiants from personal knowledge which establish the reliability of the informant information. We reject defendants' first argument.

2. The record does not support defendants' second attack on the affidavits. The Cruz affidavit recites underlying facts supporting the credibility and reliability of his informant, see *People v Iaconis,* 29 Mich App 443; 185 NW2d 609 (1971), adopted by the Supreme Court in *People v Bercheny,* 387 Mich 431; 196 NW2d 767 (1972). In the Winger affidavit, the credibility and reliability of the informants are established by corroborating facts furnished by affiant surveillance.

3. As to the third attack, the statute requires the magistrate to act on "all the facts". Those facts support the conclusion that the marihuana was where it was claimed to be.

4. The fourth attack is not factually supported. Both affiants were experienced in drug investigation. What they observed may not have provided independent corroboration to defense counsel or to any layman, but it did to trained investigators.

We conclude that the trial court properly denied defendants' motion to quash the search warrant and to suppress evidence.

5. Defendants next contend that it was reversible error for the trial court to deny their pretrial motion for discovery relating to the informant. The motion was addressed to the trial court's

discretion, *People v Ranes,* 58 Mich App 268; 227 NW2d 312 (1975). Revelation of an informant's identity is not required unless he is a material witness, *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975). The trial court found that the informant was not a material witness. No abuse of discretion has been shown.

6. It was not error for the trial court to deny defendants' motion for the endorsement of the confidential informant as a witness. The record does not support a finding that the confidential informant was a res gestae witness.

7. MCLA 335.305(3); MSA 18.1070(5)(3) defines marihuana as "all parts of the plants *Cannabis sativa L.* * * * ". Defendants contend that only marihuana of the *Cannabis sativa L.* variety is covered by the statute. The marihuana here involved could not be identified as that variety to differentiate it from *Cannabis indica* or *Cannabis ruderalis.* Hence, no violation of the statute was proved. This Court has rejected this argument, *People v Riddle,* 65 Mich App 433; 237 NW2d 491 (1975).

8. Defendants have demonstrated no reversible error in the failure of the trial court to give their requested instructions 1, 7, 8, 14, 15 and 20.

9. Our resolution of issue 7 *supra,* obviates discussion of this ninth issue. No reversible error occurred.

10. Defendants' requested instruction number 10 was sufficiently covered by the instruction found at pages 98–99 of volume IV of the trial transcript. Failure to give requested instruction number 10 was not reversible error.

11. Read as a whole, the instructions of the trial court disclose no reversible error. Hence, defendants' eleventh issue presents no reversible error.

12. Disorderly conduct is not a lesser included offense of the crimes with which defendants were charged. It was not error for the trial court to refuse to instruct on disorderly conduct.

13. The record does not support defendants' contention that prejudicial comments by the prosecuting attorney in closing argument constituted reversible error. The comments are not to be judged out of context with the entire argument. Read in context, no reversible error is demonstrated.

Affirmed.