PEOPLE v ROBERSON

SEARCHES AND SEIZURES—INVENTORY SEARCH—CRIMINAL LAW—EVI-
  DENCE—BASIS FOR SEARCH.
    A police search of a defendant's automobile, and the subsequent
    admission into evidence of a weapon found during the search,
    were valid where the automobile was properly impounded upon
    the arrest of the defendant driver and his companion on
    unrelated felony charges and where, after the police indicated
    that they were impounding the automobile, the defendant
    requested that the police be certain that a number of tapes
    belonging to the defendant be left in the automobile and the
    police proceeded to make an inventory of the items in the
    automobile.

Appeal from Muskegon, Charles A. Larnard, J. Submitted November 9, 1977, at Grand Rapids. (Docket No. 77-44.) Decided December 6, 1977.

Roger B. Roberson was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

*William C. Marietti,* for defendant on appeal.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

PER CURIAM. Defendant was charged with carry-

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Search and Seizure §§ 57, 106.
* Circuit judge, sitting on the Court of Appeals by assignment.

ing a concealed weapon. MCLA 750.227; MSA 28.424. He was convicted after a bench trial.

There was a motion to suppress the evidence made on the basis of the preliminary examination. It was denied by a circuit judge. The motion was renewed during trial before another circuit judge. It was again denied.

To reach the merits the facts are important. The court found the police were credible and the defendant was not. The defendant was driving his mother's car. Larry Gates was a passenger. Both were wanted in another county on uttering and publishing warrants. The defendant saw a couple walking on the street. He did not know their names but had seen them around. He picked them up and agreed to drive them to a doctor's for $1. He was stopped by the police. He and Larry were arrested on the basis of the warrants. Upon arrest the defendant was loud and boisterous and talked about a quantity of money that was his. There was money on the dashboard. The police told him they would inventory the car because of his complaints about the money. Defendant insisted he wanted to be sure all his tapes were in the car and that they were left there. The officer impounded the car, made an inventory search at the scene and found a gun in a tape box.

The search was not made incidental to the arrest as it was made after the defendant had been arrested and placed in the police car. There was no probable cause to search for contraband. However, the search can be sustained on two grounds:

(1) It was made at the request of the defendant since he asked that the officer be sure all his tapes were kept in the car.

(2) It was a valid inventory search. *South Da-*

*kota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L
Ed 2d 1000 (1976).

The two bases are closely related. If the officer
was making an "inventory" search solely to find
contraband, it would be impermissible. The re-
quest to keep the tapes safe was made only after
the announcement that the car would be im-
pounded and was probably a result of that knowl-
edge.

The inventory search was proper if the impound-
ment was proper. We feel in this case the im-
pounding of the automobile was reasonable under
the circumstances. This was a normal, standard
police procedure. The defendant and his close
friend in the front seat were arrested on felony
charges. The people in the back seat were a couple
defendant had seen around but he did not even
know their names. The police need not entrust the
defendant's mother's car to such people. The de-
fendant did not ask that this be done. It would
have been irresponsible to pull the automobile to
the side of the road and leave it there.

Under the circumstances it was reasonable to
impound the car. It was therefore proper to make
an inventory of the car's contents, especially in
view of the defendant's conduct and remarks about
the money and his tapes.

The failure to produce the tape box went to the
weight of the people's case. The defendant should
have been allowed to explain what happened to
the uttering and publishing charge once that
charge was brought to the attention of the court.
Failure to do so, however, was harmless error.
This was a bench trial and the weight of the
evidence against the defendant was overwhelming.

Affirmed.