PEOPLE v HARAJLI

Docket No. 83877. Submitted November 13, 1985, at Detroit.—Decided
    January 6, 1986. Leave to appeal applied for.

The Special Investigation Division of the Michigan Department of
    Treasury (SID) received information from a citizen tip concern-
    ing alleged tax violations at Sam's Pit Stop, owned by defen-
    dants, Zouhair Harajli and Ali Dakroub. On December 29,
    1982, two SID agents visited Sam's Pit Stop for the purpose of
    determining the identity of the sales tax licensee at that
    location. While the SID agents were visiting the premises, they
    proceeded to conduct a search without a warrant and illegally
    seized invoices and other documents in violation of defendants'
    right against illegal searches and seizures. Included among the
    records seized were records identifying Royal Gas and Oil Co.,
    and Dandy Oil as suppliers of gasoline to Sam's Pit Stop.
    Defendants were charged with ten counts of sales tax evasion
    and bound over to the Wayne Circuit Court on nine counts.
    Defendants brought a motion to suppress the evidence on the
    basis that it had been illegally seized. The people presented
    evidence at the hearing which, if believed, indicated that in
    November, 1982, Mr. Ralph Davis, head of the civil audit
    section of the Detroit office of the Department of Treasury,
    requested and received audit assignments on several wholesale
    distributors of gasoline in the Detroit area. Royal Oil and
    Dandy Oil were included in the audit assignments. As a result
    of information learned from the audit of Royal, Davis requested
    in February, 1983, a civil audit assignment of defendants'
    business. At the time of his request, Davis did not know that a
    criminal investigation of defendants' business was pending.
    Davis learned of the criminal investigation when he received
    the audit assignment in February, 1983. Davis then delivered
    the information that he had gathered relative to the wholesale

REFERENCES

Am Jur 2d, Evidence §§ 408-427.

Comment note on "fruit of the poisonous tree" doctrine excluding
    evidence derived from information gained in illegal search. 43
    ALR3d 385.

See also the annotations in the ALR3d/4th Quick Index under
    Search and Seizure.

of gasoline by Royal Oil to defendants' business to a SID agent and ceased further processing of the civil audit. The results of the civil audit of Dandy Oil were subsequently delivered to the SID. The court, Robert J. Colombo, Jr., J., granted defendants' motion, holding that the doctrine of inevitable discovery did not apply and that the evidence concerning Royal Oil and Dandy Oil could not be considered even if the people established that the evidence was arrived at through means totally independent of the December 29, 1982, illegal search and seizure. The people appealed by leave granted. *Held:*

1. The court properly held that the inevitable discovery doctrine did not apply.

2. The court erred in holding that evidence concerning Royal Oil and Dandy Oil could not be considered even if the people established that the evidence was arrived at through means totally independent of the illegal search and seizure. If the people offer evidence concerning Royal Oil and Dandy Oil, or any other wholesale distributor, which was obtained through means wholly independent of the illegal search and seizure, it may be received during the trial.

Affirmed as modified.

SEARCHES AND SEIZURES — EVIDENCE — EXCLUSIONARY RULE — INDEPENDENT SOURCE DOCTRINE.

Evidence obtained in violation of the constitutional prohibition against unlawful searches and seizures is generally inadmissible; the inevitable discovery doctrine allows the admission of such evidence where the evidence would have ultimately or inevitably been discovered by lawful means; the independent source doctrine allows the admission of such evidence where it has also been discovered by means wholly independent of the constitutional violation, and the issue then is whether the connection between the lawless conduct and the discovery of the challenged evidence has become so attenuated as to dissipate the taint.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman,* Assistant Attorney General, for the people.

*Warren H. Siegel,* for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

CYNAR, J. Defendants were originally charged with sales tax evasion, MCL 205.27; MSA 7.657(27), in a ten-count information which alleged, *inter alia,* that for the last ten months of 1982 defendants evaded payment of Michigan sales tax by understanding wholesale purchases of gasoline, failing to report sales and falsifying records from the operation of a retail gas service station called Sam's Pit Stop in the City of Taylor. A preliminary examination was held on October 14, 1983, in Wayne County Circuit Court and defendants were bound over on nine of the ten charges. Defendants subsequently brought a motion to suppress the evidence on the basis that it had been seized during a search without a warrant and without consent. Defendants also moved to dismiss the charges due to selective prosecution. On January 28, 1985, the trial court granted defendants' motion to suppress the evidence seized during the illegal search and denied defendants' motion to dismiss. The people appeal the lower court's ruling to suppress the evidence by leave of this Court.

On December 2, 1982, the Special Investigation Division of the Michigan Department of Treasury (SID) received information from a citizen's tip concerning alleged tax violations at Sam's Pit Stop, defendants' place of business. On December 29, 1982, two SID agents visited Sam's Pit Stop for the purpose of determining the identity of the sales tax licensee at that location. The parties concede that, while the SID agents were visiting the premises, they proceeded to conduct a search and illegally seized invoices and other documents in violation of defendants' federal and state guaranteed rights against illegal searches and seizures. US Const, Am IV; Michigan Const, 1963, art 1, § 11. Included among the records seized were records identifying Royal Gas and Oil Co., and

Dandy Oil as suppliers of gasoline to Sam's Pit Stop.

The people presented evidence at the hearing on the motions which, if believed, indicates that in November, 1982, Mr. Ralph Davis, head of the civil audit section of the Detroit Office of the Department of Treasury, requested and received audit assignments on several wholesale distributors of gasoline in the Detroit area. Royal Oil and Dandy Oil were included in the audit assignments. As a result of information learned from the audit of Royal, Davis requested in February, 1983, a civil audit assignment of defendants' business. At the time of his request, Davis did not know that a criminal investigation of defendants' business was pending. Davis learned of the criminal investigation when he received the audit assignment in February, 1983. Davis then delivered the information that he had gathered relative to the wholesale of gasoline by Royal Oil to defendants' business to a SID agent, Lloyd Bushor, and ceased further processing of the civil audit. The results of the civil audit of Dandy Oil were subsequently delivered to the SID.

On appeal the people argue that the trial court erred in granting defendants' motion to suppress because the challenged evidence was discovered by a means which was independent of the illegal seizure.[1] We note that the people argued in the trial court that, because the evidence would have been inevitably discovered through the "parallel

---

[1] See *Silverthorne Lumber Co v United States,* 251 US 385, 392; 40 S Ct 182; 64 L Ed 319; 24 ALR 1426 (1920), where the Court held that the exclusionary rule applies not only to the illegally obtained evidence itself, but also to other incriminating evidence derived from the primary evidence. The Court emphasized, however, that such evidence does not automatically become "sacred and inaccessible". 251 US 392. The Court specifically stated:

"If knowledge of [such facts] is gained from an *independent source* they may be proved like any others * * *." *Ibid.* (Emphasis added.)

investigation" of the civil division of the depart-
ment, defendants' motion to suppress should be
denied.

The United States Supreme Court explained the
inevitable discovery and independent source excep-
tions to the exclusionary rule in *Nix v Williams,*
467 US 431, 442-444; 104 S Ct 2501; 81 L Ed 2d 377
(1984):

"The core rationale consistently advanced by this
Court for extending the Exclusionary Rule to evidence
that is the fruit of unlawful police conduct has been
that this admittedly drastic and socially costly course is
needed to deter police from violations of constitutional
and statutory protections. This Court has accepted the
argument that the way to ensure such protections is to
exclude evidence seized as a result of such violations
notwithstanding the high social cost of letting persons
obviously guilty go unpunished for their crimes. On this
rationale, the prosecution is not to be put in a better
position than it would have been in if no illegality had
transpired.

"By contrast, the derivative evidence analysis ensures
that the prosecution is not put in a *worse* position
simply because of some earlier police error or miscon-
duct. *The independent source doctrine allows admission
of evidence that has been discovered by means wholly
independent of any constitutional violation.* * * * The
independent source doctrine teaches us that the interest
of society in deterring unlawful police conduct and the
public interest in having juries receive all probative
evidence of a crime are properly balanced by putting
the police in the same, not a *worse,* position than they
would have been in if no police error or misconduct had
occurred. * * * When the challenged evidence has an
independent source, exclusion of such evidence would
put the police in a worse position than they would have
been in absent any error of violation. There is a func-
tional similarity between these two doctrines in that
exclusion of evidence that would inevitably have been
discovered would also put the government in a worse
position, because the police would have obtained that

evidence if no misconduct had taken place. Thus, while the independent source exception would not justify admission of evidence in this case, its rationale is wholly consistent with and justifies our adoption of the ultimate or inevitable discovery exception to the Exclusionary Rule.

"It is clear that the cases implementing the Exclusionary Rule 'begin with the premise that the challenged evidence is *in some sense* the product of illegal government activity.' * * * Of course, this does not end the inquiry. If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means * * * then the deterrence rationale has so little basis that the evidence should be received. Anything less would reject logic, experience, and common sense." (Emphasis changed, footnotes omitted.)

The trial court in this case granted defendants' motion to suppress on the basis that the doctrine of inevitable discovery does not apply to this case. We agree.

Our review of the record convinces us that the discovery of evidence of the wholesale purchases from Royal Oil and Dandy Oil by defendants does not involve the inevitable discovery doctrine but, rather, the independent source doctrine. As stated earlier, the evidence seized as a result of the illegal search, relative to Royal Oil and Dandy Oil, was also discovered as a result of the audit conducted by the civil division of the department. However, the evidence was apparently not discovered by the civil division until after the illegal search and seizure.

A trial court's decision to suppress evidence will be upheld unless the court's conclusion is found to be clearly erroneous. *People v Bryant,* 135 Mich App 206, 210; 353 NW2d 480 (1984). A ruling is clearly erroneous when the reviewing court is left with a definite conviction that a mistake has been

made. *People v Brown,* 127 Mich App 436, 441; 339 NW2d 38 (1983), *lv den* 419 Mich 896 (1984).

We must determine whether the evidence presented to the trial court was sufficient to establish that the evidence concerning the amount of wholesale distribution of gasoline to defendants by Royal Oil and Dandy Oil was discovered from a source wholly independent from the illegal search and seizure. *Nix, supra,* 467 US 443. The constitutional question under the Fourth Amendment was phrased in *Wong Sun v United States,* 371 US 471, 487, 489; 83 S Ct 407; 9 L Ed 2d 441 (1963), as whether "the connection between the lawless conduct of the police and the discovery of the challenged evidence has 'become so attenuated as to dissipate the taint' ".

The people argue that the challenged evidence was discovered as a result of an audit assignment of the Civil Audit Division which was wholly independent of the illegal search. Our review of the evidence indicates that in November, 1982, the Civil Audit Division requested and received audit assignments on several wholesale distributors of gasoline in the Detroit area, including Royal Oil and Dandy Oil. As a result of the information discovered from the audit of Royal Oil and Dandy Oil, a civil audit assignment of defendants' business was requested approximately six weeks after[2] the illegal search and seizure. It is alleged that at the time the civil division had no knowledge of the criminal investigation pending against defendants.

The trial judge ruled that the evidence concerning Royal Oil and Dandy Oil could not be considered even if the people established that the evidence was arrived at through means totally independent of the December 29, 1982, illegal search

---

[2] February 10, 1983.

and seizure. We believe that the evidence seized during the illegal search was properly excluded by the trial judge. However, if the people offer evidence concerning Royal Oil and Dandy Oil, or any other wholesale distributor, which was obtained through means wholly independent of the illegal search and seizure, it is to be received during the trial.

Affirmed as modified.