PEOPLE v SPENCER

Docket No. 80484. Submitted June 20, 1985, at Detroit. Decided August 18, 1986.

Defendant, Robert L. Spencer, was convicted following a jury trial in the Monroe Circuit Court of receiving and concealing stolen property valued in excess of $100. The trial court, James J. Kelley, J., sentenced defendant to from 2½ to 5 years imprisonment. Defendant appeals.

The Court of Appeals *held:*

1. The state police had a reasonable suspicion of a crime to justify an investigatory stop of defendant's vehicle. The trial court did not err in denying defendant's motion to suppress evidence on this basis.

2. Defendant's original statement to the police did not invoke the right to remain silent. As the statement expressed defendant's desire to limit his response, continued questioning was not improper.

3. The affidavit in support of the search warrant did not establish probable cause because it failed to show that the informant spoke with personal knowledge. The warrant therefore was defective. The trial court's finding to the contrary is reversed. However, the search of defendant's van may have been reasonable without a warrant as an inventory search of the vehicle. The case is therefore remanded for a determination of whether or not there could have been a valid inventory

REFERENCES

Am Jur 2d, Appeal and Error § 603.

Am Jur 2d, Criminal Law § 797.

Am Jur 2d, Searches and Seizures §§ 16, 43, 45, 65, 99.

Am Jur 2d, Trial § 1154.

Validity of routine road blocks by state or local police for purpose of discovery of vehicular or driving violations. 37 ALR4th 10.

Violation of federal constitutional rule (Mapp v Ohio) excluding evidence obtained through unreasonable search or seizure, as constituting reversable or harmless error. 30 ALR3d 128.

Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.

See also the annotations in the ALR3d/4th Quick Index under Silence; Verdict.

search of the van, under *Michigan v Long,* 463 US 1032 (1983), and 419 Mich 636 (1984), had the officers not obtained a warrant. If the prosecutor can establish that the search would have been conducted as a valid inventory search, then there is no reason to suppress the evidence because the stolen parts would inevitably have been discovered and seized. If there could not have been a valid inventory search, then the evidence must be suppressed and the conviction set aside.

4. The trial court did not err in finding that the value of the auto parts was not sufficiently in dispute to justify the lesser-included misdemeanor instruction on receiving and concealing stolen property with a value of less than $100.

5. The trial court did not err in answering questions from the jury.

6. The jury's verdicts, finding defendant not guilty on Count i but guilty on Count ii, were not inconsistent. Furthermore, consistency between verdicts is not required in Michigan.

Remanded.

1. A<small>PPEAL</small> — E<small>VIDENCE</small> — M<small>OTIONS TO</small> S<small>UPPRESS</small>.

The Court of Appeals will not reverse a lower court's ruling on a motion to suppress evidence unless the ruling is clearly erroneous.

2. S<small>EARCHES AND</small> S<small>EIZURES</small> — I<small>NVESTIGATORY</small> S<small>TOPS</small> — A<small>UTOMOBILES</small>.

The police may properly make an investigatory stop of a motor vehicle if the stop is based upon specific, articulable facts which, when taken together with the rational inferences to be drawn from these facts, would lead a reasonable police officer to believe that criminal activity may be taking place.

3. S<small>EARCHES AND</small> S<small>EIZURES</small> — A<small>UTOMOBILES</small> — R<small>EASONABLENESS</small>.

The following considerations are pertinent to determining the constitutionality of a stop of a moving motor vehicle: (1) reasonableness is the test that is to be applied for both the stop of, and the search of, moving motor vehicles; (2) said reasonableness will be determined from the facts and circumstances of each case; (3) fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved than if a house or a home were involved; and (4) a stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police; whether reasonable cause to stop a motor vehicle is established by an informant's tip depends on the presence of indicia of reliability of the information.

4. CRIMINAL LAW — RIGHT TO REMAIN SILENT.

A defendant's assertion that he wants to limit his answers is not always an invocation of the right to remain silent, thus, continued questioning by the police may be found not to be improper.

5. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — INFORMANTS.

An affidavit in support of a search warrant which is based upon information supplied to the complainant by an informant must: (1) show that the informant spoke with personal knowledge; (2) set forth facts from which one may conclude that the informant is credible; and (3) show that the information is reliable (MCL 780.653; MSA 28.1259[3]).

6. SEARCHES AND SEIZURES — EVIDENCE — DEFECTIVE SEARCH WARRANTS.

Exclusion of evidence obtained as a result of a search pursuant to a defective warrant is not required if a search without a warrant would have been valid.

7. APPEAL — JURY INSTRUCTIONS — LESSER-INCLUDED MISDEMEANORS.

The Court of Appeals will reverse a trial court's decision to grant or deny a lesser-included misdemeanor instruction only upon a finding of an abuse of discretion.

8. CRIMINAL LAW — JURY TRIAL — CONSISTENT VERDICTS.

Consistency between verdicts is not required in Michigan.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. LaVoy,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*William A. Garrett,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

W. J. CAPRATHE, J. Defendant was convicted by a jury of receiving and concealing stolen property valued in excess of $100, MCL 750.535; MSA 28.803. Defendant appeals as of right, raising six

---

* Circuit judge, sitting on the Court of Appeals by assignment.

issues for our consideration. The first issue concerns defendant's claim that the stop of his van by the police was improper. We disagree. The second issue concerns defendant's claim that it was impermissible for the police to continue interrogating him after he invoked his right to remain silent. We find that he did not invoke his right to remain silent and, therefore, the continuation of the interrogation was permissible. The third issue concerns defendant's claim that the search of his van was pursuant to a defective warrant and the evidence seized should have been suppressed. We agree that the warrant was defective, but we remand this case for a determination of whether or not there would have been a valid inventory search had the officers not obtained the warrant. The three remaining issues raised by the defendant concern the court's refusal to instruct the jury on a lesser included misdemeanor offense, the adequacy of the court's response to an inquiry from the jury during its deliberations, and the alleged inconsistency of the jury's verdict. We find that none of these three issues merits reversal.

I

Defendant first claims that the Michigan State Police officers did not have a sufficient basis to make an investigatory stop of his van. After conducting an evidentiary hearing, the lower court concluded that the stop of the van was proper. We agree.

We will not reverse the lower court's ruling on a motion to suppress evidence unless that ruling was clearly erroneous. *People v Bandy,* 105 Mich App 240, 244; 306 NW2d 465 (1981), lv den 413 Mich 909 (1982).

The record establishes that Detective Kenneth

Schimnoski received a confidential informant's tip by telephone on December 30, 1982. The informant told the officer that a large black male, six foot two or three inches and 230 pounds, and approximately thirty-eight years old, with facial hair and glasses, had been buying and selling stolen automobile parts at 15738 Oakfield Street in Detroit and was involved in the transportation of stolen automobile parts in Detroit, as well as out of the state. The informant indicated that a white van with primer spots on it, located at the Oakfield address, would be transporting stolen automobile parts out of Michigan via I-75 over the New Year's weekend.

The police placed the Oakfield Street address and the vehicle located there under surveillance on December 31, 1982. At 8:00 P.M., the police observed the defendant, who matched the description given by the informant, enter a white van parked outside and drive to 9210 Evergreen, back up to the garage area for from ten to fifteen minutes, and then return to the Oakfield Street address. The van left the Oakfield address again on January 2, 1983, at about 10:00 A.M. It later stopped for gasoline and the defendant got out to clean the van's windows. Defendant then drove the van south on I-75 until the Michigan State Police stopped it in Monroe Township. We find that the lower court did not err in denying the motion to suppress evidence based on the allegedly illegal stop of defendant's van.

The police may properly make an investigatory stop of a motor vehicle if the stop is based upon specific, articulable facts which, when taken together with the rational inferences to be drawn from these facts, would lead a reasonable police officer to believe that criminal activity may be taking place. *People v Sizemore*, 132 Mich App

782, 786; 348 NW2d 28 (1984). According to *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973), the following considerations are pertinent to determining the constitutionality of a stop of moving motor vehicles:

> Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.
>
> Said reasonableness will be determined from the facts and circumstances of each case.
>
> Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.
>
> A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police. [390 Mich 682.]

Whether reasonable cause to stop a motor vehicle is established by an informant's tip depends on the presence of indicia of reliability of the information. *Adams v Williams,* 407 US 143, 147; 92 S Ct 1921; 32 L Ed 2d 612 (1972).

We find that in the present case the informant's tip had sufficient indicia of reliability to supply the basis for reasonable cause to stop defendant's van. As the record indicates, the information given was detailed and was subsequently corroborated by the officers. The informant gave a detailed description of the suspect, his address, a description of the vehicle involved, and the time and route of the transport of the stolen automobile parts. Although the corroborating facts are innocent details of the informant's tip, we believe that the officer's corroboration of those facts created a sufficient indicia of reliability upon which to base a reasonable suspi-

cion of criminal activity. See, for example, *United States v Aldridge,* 719 F2d 368, 371 (CA 11, 1983), where the court held that the officer's observation of an automobile fitting the description of the suspect's vehicle, supplied by an anonymous informer and transmitted over the police radio, was sufficient corroboration to supply reasonable cause to stop, even though the corroboration was only of innocent details of the information.

Since the officers in the present case had a reasonable suspicion that defendant may have been involved in criminal activity, the stop of the van was reasonable. Thus, the lower court did not err in denying defendant's motion to suppress evidence on that basis.

II

Defendant next claims that the police impermissibly continued questioning him after he invoked his right to remain silent. We find that he did not invoke his right to remain silent and, therefore, the continued questioning by the police was not impermissible.

Although defendant did not raise this issue below, we will consider it because it concerns a constitutional right and because defendant's response to the disputed questioning was decisive evidence, i.e., it indicated that defendant knew there were stolen automobile parts in his van. *People v Woodward,* 111 Mich App 528, 531; 314 NW2d 680 (1981); *People v Bukoski,* 41 Mich App 498, 501; 200 NW2d 373 (1972).

After defendant's van was stopped, defendant was arrested for driving with a suspended license. Detective Bruce Saller testified at trial that at the time of the arrest he read defendant his *Miranda* rights, *Miranda v Arizona,* 384 US 436; 86 S Ct

1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). According to Saller, defendant replied: "The less I say, the better I think I'll be." Later, at the police station, defendant was given *Miranda* rights a second time and was interrogated. Officer Saller testified that, during the questioning, he said to defendant that both of them knew "the stuff in the van was hot," and that defendant replied "yeah" and admitted that he had a business of buying automobile parts he knew were stolen.

A defendant's assertion that suggests he wants to limit his answers is not an invocation of the right to remain silent. See, for example, *People v Hampton,* 138 Mich App 235, 237; 361 NW2d 3 (1984), where this Court held that a refusal to make a statement is not an assertion of the right to remain silent, which would prohibit the police from later asking if a suspect wants to make a statement. We find that in the present case defendant did not invoke the right to remain silent. Defendant's statement did not even rise to the level of an ambiguous invocation of his right to remain silent. Compare *People v O'Donnell,* 127 Mich App 749, 754; 339 NW2d 540 (1983). In our view, defendant's statement merely expressed a desire to limit his responses, and continued questioning was, therefore, not improper.

III

Defendant next claims that the warrant authorizing a search of his van was defective and that all evidence seized pursuant to it should have been suppressed. The lower court refused to suppress the evidence, apparently finding that the warrant was not defective. This Court finds that the warrant was defective, but that the search of the defendant's van may have been reasonable without

the warrant as an inventory search of the vehicle. Therefore, we remand this case for a determination of whether or not there could have been a valid inventory search of the van, had the officers not obtained the warrant.

The warrant in question was issued after defendant and the passenger in his van were arrested[1] and the van was towed to the police station. The search of the van yielded body parts from four automobiles.

MCL 780.653; MSA 28.1259(3) establishes the required basis for a magistrate's finding of probable cause:

> Sec. 3. The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein.

Thus, an affidavit supporting a search warrant, if based on informant-supplied information, must meet three requirements: (1) it must show that the informant spoke with personal knowledge; (2) it must set forth facts from which one may conclude that the informant is credible; and (3) it must show that the information is reliable. *People v Sherbine,* 421 Mich 502, 509-510; 364 NW2d 658 (1984).

Defendant asserts that the affidavit in the present case failed to show that the informant was credible and that the informant spoke with per-

---

[1] Defendant was arrested for driving with a suspended operator's license and his passenger was arrested on an outstanding warrant for a traffic offense.

sonal knowledge of the matters contained in the affidavit. We agree that the affidavit lacks affirmative allegations that the informant spoke with personal knowledge.[2]

Detective Schimnoski stated in the application for the search warrant, inter alia:

> The affiant is a member off [sic] the Michigan State Police Auto Theft Task Force. The affiant has a Confidential Informant that has proven to be reliable in the past. The informant has supplied the affiant with numerous items of information about illegal activities that have been verified.
>
> The informant advised that a suspect who lives at 15738 Oakfield, Detroit is active in buying and selling stolen vehicle parts. This subject has a White Chevrolet cargo van that is used to transport the above parts.
>
> The informant advised this subject to be Large Black Male, 6/2, 230, facial hair, wears glasses and is approximately 38 years.
>
> The informant advised this subject would be leaving in the van sometime during the New Years weekend for out of state with a load of stolen vehicle parts. Further that the subject would use I-75 to leave Michigan.
>
> The affiant checked the 15738 Oakfield, Detroit address and observed the White van backed into the drive with the doors open and the hood up and it appeared a battery charger was hooked to the vehicle. Time: 7:00 PM 1/2/83.
>
> Time: 10:35 PM above vehicle left the residence and stopped at a Shell Service Station. The driver was observed cleaning the windows and mirrors giving the affiant the indication the vehicle and occupants would be making antrip [sic].
>
> Affiant had the vehicle stopped on I-75 S.B. near mile marker 15 in Monroe County. Affiant was

---

[2] Because we find the warrant defective on this ground, we do not decide whether the affidavit sets forth sufficient facts from which one may conclude that the informant is credible.

advised by D/Sgt. Bruce Saller that the driver, Robert Spencer was advised the reason the van was stopped was officers had information he was hauling stolen property in the van.

Mr. Spencer was read a Consent to Search Card to search the van at 11:35 PM and he gave officers his consent. At 11:36 PM he retracted his consent and advised to get a search warrant.

Affiant feels the information obtained from the informant is accurate coupled with the driver's refusal to advise where he was going, hauling or alowing [sic] officers to check the contents of the van. The driver of the van when stopped matched the description given by the informant.

Affiant has reason to believe the van contains stolen vehicle parts and is used in transporting stolen property as a business.

The only facts in the affidavit which alleged that any criminal activity had taken place are the informant's statements that the defendant was involved in buying and selling stolen vehicle parts and would be leaving in the van during the New Year's weekend for an out-of-state location with a load of stolen vehicle parts. There is nothing in the affidavit which indicates the source of these allegations. There is nothing to show that the informant spoke with personal knowledge. In addition, although the affidavit indicates that the officers observed the defendant's van leaving the area on I-75 during the New Year's weekend, which is consistent with what they were told by the informant, it fails to contain any statements that the officers independently observed any criminal activity.[3] Because the affidavit fails to comply with the

---

[3] The affidavit doesn't even qualify as a "hybrid affidavit," i.e., one based in part on the informant's information and in part on facts independently observed by the officers, such as the affidavit this Court found to satisfy the statute in *People v Rodriguez*, 65 Mich App 723, 728; 238 NW2d 385 (1975). The officers in *Rodriguez, supra,* made

personal knowledge requirement of the statute, the warrant is defective and we, therefore, reverse the lower court's finding.

However, this conclusion does not necessarily require that the evidence obtained as a result of the search pursuant to the defective warrant be excluded. Exclusion is not required if a search without a warrant would have been valid for some other reason. *Coolidge v New Hampshire,* 403 US 443, 453; 91 S Ct 2022; 29 L Ed 2d 564 (1971).

The prosecutor argues that at the time the officers searched the van pursuant to the warrant they could have conducted an inventory search without a warrant. Since the van had been lawfully seized, it apparently was lawfully at the police station when the search took place.[4] There is no evidence, however, in the record as to whether the police department involved in this case had established or standard procedures for conducting inventory searches of impounded vehicles that would satisfy the requirements of *People v Long (On Remand),* 419 Mich 636; 359 NW2d 194 (1984). The prosecutor, therefore, should have an opportunity to establish at an evidentiary hearing whether such procedures existed and, if so, the particular facts of this case relevant to those procedures, had the officers chosen not to seek a warrant to search the van.

Thus, we remand this issue to the court below to

observations that supplied independent corroboration to them as trained and experienced drug investigators that an illegal operation was taking place. In any event, the *Rodriguez* "hybrid" standard may not have survived the Supreme Court's statutory standard established in *Sherbine, supra.*

[4] Defendant has not argued that the seizure of his van was illegal. In any event, the police properly seized and removed the van to the station, since both the defendant and his only passenger were arrested and it would have been unreasonable to leave the vehicle parked along the expressway. *People v Roberson,* 80 Mich App 241; 263 NW2d 42 (1977).

enable it to determine whether the search would have been permissible under *Michigan v Long,* 463 US 1032; 103 S Ct 3469; 77 L Ed 2d 1201 (1983), and *People v Long (On Remand), supra.*

We are cognizant of the fact that in all likelihood there was not an inventory search. However, if the people can establish that the search would have been conducted as a valid inventory search, then there is no reason to suppress the evidence because the stolen parts would inevitably have been discovered and seized. In *Nix v Williams,* — US —; 104 S Ct 2501; 81 L Ed 2d 377 (1984), the United States Supreme Court, in comparing the independent source doctrine and the inevitable discovery doctrine, stated the following:

> There is a functional similarity between these two doctrines in that exclusion of evidence that would inevitably have been discovered would also put the government in a worse position, because the police would have obtained that evidence if no misconduct had taken place. Thus, while the independent source exception would not justify admission of evidence in this case, its rationale is wholly consistent with and justifies our adoption of the ultimate or inevitable discovery exception to the Exclusionary Rule. [*Nix, supra,* 104 S Ct 2509.]

This principle was acknowledged by us in *People v Harajli,* 148 Mich App 189; 384 NW2d 126 (1986). The United States Supreme Court further stated that: "If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably *would have been* discovered by lawful means . . . then the deterrence rationale has so little basis that the evidence should be received. Anything less would reject logic, experience, and common sense." *Nix, supra,* 104 S Ct 2509 (emphasis added). In the event the lower

court determines that there could not have been a valid inventory search, then the evidence must be suppressed and the conviction set aside.

IV

Defendant next contends that the trial court erred in refusing to instruct the jury on the lesser included misdemeanor offense of receiving and concealing stolen property with a value of less than $100, MCL 750.535; MSA 28.803. We disagree.

A trial court's decision to grant or deny a lesser included misdemeanor instruction will be reversed only upon a finding of an abuse of discretion. *People v Stephens,* 416 Mich 252, 265; 330 NW2d 675. It is an abuse of discretion for the lower court to refuse to give a requested instruction only if a rational view of the evidence would have supported conviction of the lesser offense. *Stephens, supra,* pp 263-264.

In the present case, Peter Demray, a used automobile parts dealer, testified as to the value of the automobile parts defendant was charged with possessing. He testified that the silver 1978 Buick front clip was worth $1,500 and the matching doors were worth $300. He assigned the same values to the corresponding parts of the 1980 Monte Carlo. Although defendant's attorney vigorously cross-examined Demray, at most he showed the possibility of slight variations in the values of the parts. To convict defendant of the misdemeanor, the jury would have had to believe that the actual value of the parts was less than six percent of the value assigned by Demray. Accordingly, we believe that the trial court was correct in finding that the value of the parts was not sufficiently in dispute to justify a conviction of the

lesser included misdemeanor offense. A rational view of the evidence would not have supported a conviction of receiving and concealing stolen property with a value under $100. Thus, the court did not abuse its discretion in refusing to give the requested instruction.

V

We next consider defendant's contention that the trial court erred in failing to make further inquiry into a note from the jury which stated: "Counts One and Two does [sic] not state the word knowingly. Should we consider this?" We find that the trial court did not err in its response.

The trial court responded to the jury's note by stating that the charged offenses contained five elements, as given during the jury instructions. The jury foreman stated that this answer sufficed. When polled, none of the jurors expressed dissatisfaction with the answer. Defense counsel assailed the response because the court did not reinstruct the jurors that one of the elements of the crime was defendant's knowledge that the property was stolen. However, two hours later, the jury requested a list of the five elements of receiving and concealing stolen property, which was supplied. Of course, one of the elements given was knowledge that the property was stolen.

We, therefore, detect no error in the trial court's procedure. The jurors' satisfaction with the judge's response, coupled with the later supplying of the list of elements to the jury, constituted a more than adequate response to the jury's question.

VI

Finally, defendant contends that the trial court

erred in refusing to set aside his conviction on the basis that the jury reached inconsistent verdicts. We disagree.

Defendant was charged with two counts of receiving and concealing stolen property. Count I referred to parts from a 1978 Buick and Count II to parts from a 1980 Monte Carlo. The jury found defendant not guilty of Count I but guilty of Count II.

We find that the verdicts were not inconsistent. The testimony indicated that the chassis of the Monte Carlo was found in an alley near a residence where defendant had taken the van two days previously. No similar showing was made for the Buick. Thus, the jury could have been convinced beyond a reasonable doubt that defendant knew the Monte Carlo parts were stolen, yet entertained a reasonable doubt about defendant's knowledge that the Buick parts were stolen.

Moreover, we note that consistency between verdicts is not required in Michigan. *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980).

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.