PEOPLE v CHINN

CITY OF TROY v CHINN

Docket No. 77268. Submitted January 9, 1985, at Lansing.—Decided
February 20, 1985. Leave to appeal applied for.

Donald Chinn was convicted of the misdemeanor ordinance viola-
tion of operating a motor vehicle under the influence of intoxi-
cating liquor following a jury trial in District Court 52-4,
William E. Bolle, J. Prior to trial, defendant moved to suppress
at trial any reference to certain statements he made to the
arresting officer. The testimony at the hearing on the motion
showed that the arresting officer observed defendant's automo-
bile being driven in an erratic manner, gave chase and stopped
defendant's vehicle. The testimony further established that
when defendant exited from his automobile he had a strong
odor of intoxicants on his breath and his eyes were glassy and
bloodshot. The officer, without advising defendant of his *Mi-
randa* rights, asked defendant if he had been drinking, to which
defendant answered in the affirmative, and then asked how
much defendant had to drink, to which defendant stated "too
much". The district court denied the motion to suppress. At
trial testimony as to defendant's statements to the police officer
was admitted into evidence, along with testimony that defen-
dant failed to pass certain sobriety tests administered by the
officer at the scene and that defendant registered a .16 percent
blood-alcohol level during a Breathalyzer test administered at
the police station after his arrest. After the jury had retired,
defense counsel moved to dismiss the charges on the basis of
the failure of the prosecution to produce evidence identifying
defendant as the driver of the automobile. The district court

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 791 *et seq.*
   Right of motorist stopped by police officers for traffic offense to be
   informed at that time of his federal constitutional rights under
   Miranda v Arizona. 25 ALR3d 1076.
[2] 75 Am Jur 2d, Trial § 548 *et seq.*
[3] 21A Am Jur 2d, Criminal Law § 967 *et seq.*
   Adequacy of defense counsel's representation of criminal client
   regarding right to and incidents of jury trial. 3 ALR4th 601.

denied the motion on the basis that defendant had taken the stand and admitted to being the driver of the automobile and that the motion was not timely brought. Defendant appealed to Oakland Circuit Court. The circuit court, David F. Breck, J., dismissed the appeal. Defendant appealed to the Court of Appeals on leave granted. *Held:*

1. While *Miranda* warnings must be given before custodial interrogation arising out of misdemeanor offenses, including misdemeanor traffic offenses, the failure of the police officer to give those warnings prior to asking the defendant whether he had been drinking and how much he had been drinking did not mandate the suppression at trial of testimony concerning defendant's responses to those questions. These questions by the officer cannot be said to be custodial interrogation, since they were made immediately after the defendant had been stopped and under circumstances where the officer was still trying to ascertain whether there had been operation of a motor vehicle while under the influence of intoxicants. Further, at the time those questions were asked, defendant had not been informed that he was under arrest and nothing had been said to indicate that defendant's detention would be other than brief. Under the circumstances, the officer was under no obligation to give the *Miranda* warnings prior to making his inquiries.

2. The failure of defense counsel to make a timely motion for a directed verdict of acquittal cannot be said to be ineffective assistance of counsel, since that motion, even if it had been timely brought, would have certainly been denied on the basis that there had been presented by the prosecution evidence as to the disputed element of the crime.          .

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — MI-
   RANDA WARNINGS — MISDEMEANORS — CUSTODIAL INTERROGA-
   TION.

   A police officer was under no obligation to give *Miranda* warnings to the driver of an automobile which was stopped because of erratic operation prior to inquiring of the driver whether he had consumed intoxicants where at the time of the inquiry by the officer the driver had not been placed under arrest and, while there was a basis for the officer's reasonable suspicion that the driver was intoxicated, there was an insufficient basis for the officer to conclude that the driver was intoxicated, since, under those circumstances, even though the *Miranda* rule is applicable to misdemeanor situations, there was not custodial interrogation within the meaning of the *Miranda* rule; accordingly, the answers given by the driver as to his sobriety were

properly admitted at a trial on a charge of driving a motor vehicle under the influence of intoxicating liquor.

2. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE — MOTIONS — DIRECTED VERDICT.

The proper motion to challenge the sufficiency of the proofs presented by the prosecution at a criminal trial is a motion for a directed verdict rather than a motion to dismiss.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Reversal of a criminal conviction on the basis of ineffective assistance of counsel is not mandated where the basis for the claim of ineffective assistance of counsel is counsel's failure to make a timely motion for directed verdict but the record establishes that, if such a motion had been made, it would have been denied.

*Barbara J. Roberts,* Assistant City Attorney, for the people.

*Eugene Lumberg,* for defendant.

Before: ALLEN, P.J., and J. H. GILLIS and W. J. GIOVAN,* JJ.

PER CURIAM. Defendant appeals on leave granted from his misdemeanor conviction of operating a motor vehicle under the influence of intoxicating liquor.

City of Troy Police Officer Robert Redmond testified at trial that on January 4, 1983, he observed a red 1979 Pontiac swerve onto the left shoulder of the I-75 freeway. Officer Redmond followed the vehicle for 2-1/2 miles, during which time he noticed further erratic driving. In addition, the car accelerated to 70 miles per hour while negotiating a 50 miles-per-hour curve.

Officer Redmond stopped the vehicle at an exit ramp, and the defendant exited from the car to meet the officer. The officer indicated that defendant had a strong odor of intoxicants on his breath and that his eyes were glassy and bloodshot. With-

* Circuit judge, sitting on the Court of Appeals by assignment.

out informing defendant of his *Miranda*[1] rights, Officer Redmond asked the defendant whether he had been drinking. Defendant replied affirmatively, and when asked how much he had to drink, defendant stated "too much". After failing several sobriety tests, defendant was arrested and taken to the police station, where a Breathalyzer test indicated a blood-alcohol level of .16 percent.

On appeal, defendant argues that the trial court erred in denying his motion to suppress testimony concerning the replies to Officer Redmond's roadside questioning. Defendant argues that the trial court mistakenly believed that persons in custody for misdemeanor offenses need not be informed of their *Miranda* rights, and cites the recent United States Supreme Court decision in *Berkemer v McCarty,* 468 US —; 104 S Ct 3138; 82 L Ed 2d 317 (1984), in support. Our review of this record and the *Berkemer* decision convinces us that the defendant's claim of error should be rejected.

At the outset, we cannot accept the defendant's claim that his motion was denied in the belief that the *Miranda* rule is inapplicable to misdemeanor offenses. Although the trial judge admitted to being uncertain of the law on this point, he specifically stated that this issue did not have an effect on his ruling. Rather, the lower court concluded that the very purpose of the questioning was to determine whether a crime had been committed. Under these circumstances, the trial court believed the *Miranda* rule was inapplicable, and thus denied the motion to suppress defendant's roadside statements.

We affirm the trial court's denial of the motion to suppress. In doing so, we rely entirely on *Berkemer v McCarty, supra,* cited by defendant to

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

support his position. The facts of *Berkemer* are nearly identical to the present case in all material respects. There, the Ohio State Highway Patrol stopped a car which was observed weaving in and out of the highway lane. As here, the *Berkemer* defendant was asked if he had been drinking, to which he replied that he had consumed two beers and smoked several joints of marijuana. *Berkemer,* 104 S Ct 3142.

The United States Supreme Court initially ruled that the safeguards prescribed by *Miranda* are entirely applicable where the accused has allegedly committed a misdemeanor traffic offense. 104 S Ct 3148. Nonetheless, the Court found that the police officer's roadside questioning did not constitute a "custodial interrogation" and thus the *Miranda* rule had not been triggered. Rather, the traffic stop was held to be more analogous to a *"Terry* stop"[2] than a formal arrest due to the similarly noncoercive aspects of the two. For example, "the detention of a motorist pursuant to a traffic stop is presumptively temporary and brief", and in the majority of cases does in fact last only a few minutes. 104 S Ct 3149. Further, since the traffic stop occurs in public view and is conducted by at most two officers, the danger that the detainee might "speak where he would not otherwise do so freely" is at a minimum. 104 S Ct 3149-3150.

As in *Berkemer,* the facts of this case strongly support the conclusion that Officer Redmond was under no obligation to inform the defendant of his *Miranda* rights prior to conducting the roadside questioning. The questioning occurred within minutes of the stop, at a time when the officer had an insufficient basis for concluding that the defendant was operating his automobile under the influence

---

[2] *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

of intoxicants. Just as is involved in the typical *Terry* stop, the defendant's erratic driving supported only a reasonable suspicion that the defendant had ingested more alcohol than allowed under state law. Further, defendant was never informed prior to the questioning that he was under arrest or that the detention would be other than brief. Thus, just as in *Berkemer,* even if Officer Redmond intended to arrest the defendant from the outset, this fact would not automatically trigger the applicability of the *Miranda* rule since "[a] policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation". 104 S Ct 3152. Since the facts before us cannot reasonably be distinguished from those presented in *Berkemer,* we conclude that the defendant was not in custody for the purposes of the *Miranda* rule, and thus the trial court correctly denied defendant's motion to suppress his responses to Officer Redmond's questions.

Defendant also claims to have received ineffective assistance from his attorney. This argument is based upon the representation that the arresting officer failed at trial to identify the defendant as the driver of the automobile in question. The defense counsel moved to dismiss the charges on this basis after the jury retired for deliberations, but the motion was denied on the grounds that defendant had taken the stand and admitted to having been the driver of the car. The trial judge also noted that the motion should have been brought at the close of the prosecution's proofs, in which case the option to reopen the proofs to correct the defect would have existed. Defendant thus argues on appeal that the failure to bring a

timely motion to dismiss constituted the ineffective assistance of counsel, pursuant to *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

At the outset, we note that at the close of the prosecution's case a motion for directed verdict, rather than a motion to dismiss the charges as argued by defendant, would have been the appropriate course of action. Further, we fail to see any merit to this claim since the record reveals that defendant was indeed identified as the driver of the car stopped by Officer Redmond. While testifying, the officer repeatedly referred to defendant by name. When asked what led him to believe that defendant was driving the car, the witness responded: "I could see him when we got on at Fourteen Mile Road[,] that there was a male driving, female on the passenger side of the car." We also note that the identity of the driver was never in question at trial. Therefore, a motion for directed verdict for failure to establish the elements of the charge would surely have been denied. The defense counsel's failure to so move could not have affected the defendant's chances for acquittal, and thus the ineffective assistance claim is rejected.

Affirmed.