## PEOPLE v ESTABROOKS

Docket No. 105835. Submitted January 9, 1989, at Lansing. Decided March 6, 1989.

A motorcyclist approached a police officer who was investigating a traffic accident and told her that his motorcycle had been struck several times by an automobile. The motorcyclist pointed out the car, which was stopped in traffic. The officer approached the car and directed the driver, defendant Robert T. Estabrooks, to pull over so she could investigate the alleged accident. Defendant pulled over and got out of his car. The officer observed that defendant appeared to be intoxicated and he was subsequently arrested for operating a motor vehicle under the influence of liquor. After an evidentiary hearing, the district court found that the officer had sufficient cause to stop defendant to investigate the possible accident and denied defendant's motion to suppress the evidence. A jury then convicted defendant of OUIL. Defendant appealed from the denial of his motion to suppress to the Oakland Circuit Court, John N. O'Brien, J., which ruled that the officer did not have sufficient cause to stop defendant's car and that the stop was unconstitutional. The circuit court reversed defendant's conviction. The people appealed.

The Court of Appeals *held:*

1. The motorcyclist's information carried enough indicia of reliability to provide the officer with a reasonable suspicion that a crime had occurred or was taking place. The facts do not indicate that the officer had reason to believe that only a civil infraction had occurred instead of criminal activity.

2. The officer had sufficient information to possess a reasonable suspicion that defendant was committing in her presence the misdemeanor criminal offense of leaving the scene of a

REFERENCES

Am Jur 2d, Arrest § 26; Automobiles and Highway Traffic § 304; Searches and Seizures §§ 16, 23, 43-45, 96, 99, 111.

What amounts to violation of drunken driving statute in officer's "presence" or "view" so as to permit warrantless arrest. 74 ALR3d 1138.

motor vehicle accident. The officer was justified in stopping defendant.

3. The circuit court's order is reversed and defendant's conviction for OUIL is reinstated.

Reversed.

1. SEARCHES AND SEIZURES — AUTOMOBILES — INVESTIGATORY STOPS.

Police may properly make an investigative stop of an automobile if the stop is based upon specific, articulable facts which, when taken with rational inferences from those facts, would lead a reasonable police officer to believe that a crime has been committed or criminal activity is taking place; the articulable reasons for suspecting criminal activity must derive from the police officer's assessment of the totality of the circumstances.

2. SEARCHES AND SEIZURES — AUTOMOBILES.

The following rules apply to determine the constitutionality of a stop of a moving automobile: (1) reasonableness is the test that is to be applied for both the stop of and the search of moving motor vehicles, (2) said reasonableness will be determined from the facts and circumstances of each case, (3) fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved, and (4) a stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police.

3. SEARCHES AND SEIZURES — AUTOMOBILES — REASONABLE CAUSE — INFORMANTS.

Whether reasonable cause to stop a motor vehicle is established by an informant's tip depends on the presence of indicia of reliability of the information; the factors examined to determine whether there are enough indicia of reliability are (1) the reliability of the informant, (2) the nature of the information given to the police, and (3) the reasonableness of the suspicion in light of these factors.

4. ARREST — MISDEMEANORS.

A police officer may make an arrest without a warrant for a misdemeanor committed in his presence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief,

Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Robert W. Larin,* for defendant on appeal.

Before: Gribbs, P.J., and Michael J. Kelly and Marilyn Kelly, JJ.

Per Curiam. The people appeal from a circuit court order reversing defendant Robert T. Estabrooks' district court conviction. We reverse the circuit court and reinstate defendant's conviction.

Defendant was convicted of operating a motor vehicle under the influence of liquor (OUIL)[1] following a district court jury trial. Prior to trial, defendant moved to suppress evidence gained due to an alleged unlawful traffic stop. The facts behind this stop are as follows: On July 8, 1986, Farmington Hills Police Officer Nancy Summers was investigating an accident near the intersection of Farmington and Twelve Mile Roads. While investigating that accident, a motorcyclist approached Summers and told her that he had been rear-ended several times by a Lincoln Continental automobile. The motorcyclist pointed out the car in question, which was stopped in traffic. Summers approached the car and directed the defendant, the driver, to pull over so she could investigate the alleged accident. Defendant pulled over and got out of his car. When defendant got out of his car, Summers observed that he appeared intoxicated, and subsequently arrested him for OUIL.

After an evidentiary hearing, the district judge concluded that Officer Summers had sufficient cause to stop defendant to investigate the possible accident and denied defendant's motion to suppress. The jury convicted defendant of OUIL.

[1] MCL 257.625(1); MSA 9.2325(1).

Defendant appealed the denial of his motion to suppress to the circuit court. The circuit judge ruled that Officer Summers did not have sufficient cause to stop defendant's car, so the stop was unconstitutional. The circuit court reversed defendant's conviction for OUIL. The people now appeal from this reversal.

A reviewing court should not reverse a lower court's ruling on a motion to suppress unless that ruling was clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).

The Fourth Amendment guarantees against unreasonable searches and seizures. Fourth Amendment restrictions apply to seizures of persons that are short of traditional arrests, including brief investigative detentions. *People v Shabaz,* 424 Mich 42, 52; 378 NW2d 451 (1985), cert dis 478 US 1017 (1986); *Pontiac v Baldwin,* 163 Mich App 147, 150; 413 NW2d 689 (1987). There is a limited exception to the probable cause requirement for seizure of a person: Where an officer has a reasonable, articulable suspicion that a person has committed or is about to commit a crime, he may briefly stop that person for the purpose of investigation. *Shabaz,* pp 54-56; *Baldwin,* p 151. The articulable reasons for suspecting criminal activities must derive from the police officer's assessment of the totality of the circumstances. *Baldwin,* p 151.

This rule also applies to stops of automobiles such as defendant's. Police may properly make an investigative stop of an automobile if the stop is based upon specific, articulable facts which, when taken with rational inferences from those facts, would lead a reasonable police officer to believe that a crime has been committed or criminal activity is taking place. *People v Spencer,* 154 Mich App 6, 10; 397 NW2d 525 (1986). Our Su-

preme Court in *People v Whalen,* 390 Mich 672, 682; 213 NW2d 116 (1973), has also noted that the following rules apply to determine the constitutionality of a stop of a moving automobile:

> 1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.
> 2. Said reasonableness will be determined from the facts and circumstances of each case.
> 3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.
> 4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police.

Here Officer Summers decided to stop defendant's car on the basis that another motorist informed her that defendant's car had rear-ended his motorcycle several times. Whether reasonable cause to stop a motor vehicle is established by an informant's tip depends on the presence of indicia of reliability of the information. *Spencer,* p 11. We must examine three factors to determine whether the motorcyclist's information carried enough indicia of reliability to provide the officer with a reasonable suspicion that a crime had occurred or was taking place: (1) the reliability of the informant, (2) the nature of the information given to the police, and (3) the reasonableness of the suspicion in light of these factors. *People v Tooks,* 403 Mich 568, 577; 271 NW2d 503 (1978). With regard to the first factor, the fact that the motorcyclist was actually present and accusing defendant immediately after the rear-endings indicated reliabil-

ity on the part of the informant. Second, the fact that the informant actually pointed out defendant's car to Officer Summers provided her with precise and easily verifiable information, which also indicated that the information was reliable. In light of these factors, it was quite reasonable for Summers to suspect that an accident may have occurred and warranted further investigation on her part.

On appeal to the circuit court, defendant argued that the information provided by the motorcyclist to Officer Summers only indicated that a traffic violation had occurred. Defendant argued that, since no criminal activity was indicated, Summers could not stop defendant for a traffic violation without some personal observation that an accident or other civil infraction had occurred. The circuit court agreed with this reasoning and held that Summers could not have properly stopped defendant without some evidence within her own observation which corroborated the motorcyclist's complaint. The court held that, since Summers did not properly corroborate the motorcyclist's story prior to the stop, she was operating beyond her authority in stopping the car.

A police officer may stop and detain a driver involved in a motor vehicle accident for the purpose of issuing a citation for a civil infraction when (1) the officer witnesses the civil infraction violation, or (2) based upon the officer's personal investigation, the officer has reasonable cause to believe that the driver is responsible for a civil infraction. MCL 257.742(1), (3); MSA 9.2442(1), (3). A police officer may not stop a driver for a civil infraction solely on the basis of a witness' complaint. MCL 257.742(3); MSA 9.2442(3) provides the procedure in such cases:

A police officer may issue a citation to a person who is a driver of a motor vehicle when, based upon personal investigation by the police officer of a complaint by someone who witnessed the person violating this act or a local ordinance substantially corresponding to this act, which violation is a civil infraction, the officer has reasonable cause to believe that the person is responsible for a civil infraction and if the prosecuting attorney or attorney for the political subdivision approves in writing the issuance of the citation.

However, the facts do not indicate that Officer Summers had reason to believe that only a civil infraction had occurred instead of criminal activity. If an accident had occurred, as indicated to Officer Summers by the motorcyclist, and defendant was driving away from it without stopping, as was indicated by his presence in traffic, defendant could have been charged with the misdemeanor criminal offense of leaving the scene of a motor vehicle accident. MCL 257.618; MSA 9.2318. An officer may make an arrest without a warrant for a misdemeanor committed in the officer's presence. MCL 764.15(1)(a); MSA 28.874(1)(a); *Baldwin, supra,* p 152. Since Summers had sufficient information to possess a reasonable suspicion that defendant was committing a misdemeanor in her presence, she was justified in stopping defendant. We also note that the information given to Summers could have indicated to a reasonable police officer that defendant had just committed the crime of felonious assault[2] or that defendant was committing the crime of OUIL. It is not vital that Officer Summers knew exactly what crime was being committed or would be charged when she decided to stop defendant, only that the circumstances

[2] MCL 750.82; MSA 28.277. See *People v Sheets,* 138 Mich App 794, 799; 360 NW2d 301 (1984).

justified the stop. *People v Arterberry,* 431 Mich 381, 384; 429 NW2d 574 (1988). As recently pointed out by our Supreme Court,

> the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. [*Arterberry,* p 384, quoting *Scott v United States,* 436 US 128, 138; 98 S Ct 1717; 56 L Ed 2d 168 (1978).]

The information provided by the motorcyclist complainant provided Officer Summers with specific, articulable facts which would lead a reasonable police officer to believe that a crime may have been committed or was being committed and warranted further investigation. Summers' stop of defendant's automobile was proper under the principles enunciated in *Shabaz* and *Whalen,* and was not beyond her authority as a police officer. The circuit court erred by concluding otherwise. The district court's denial of defendant's motion to suppress was not erroneous. Accordingly, we reverse the circuit court's order and reinstate defendant's conviction for OUIL.

Reversed.