PEOPLE v CHRISTIE (ON REMAND)

Docket No. 150313. Submitted January 13, 1994, at Lansing. Decided
    April 13, 1994; approved for publication July 25, 1994, at 9:10
    A.M. Leave to appeal denied, 447 Mich —.

Robert D. Christie was charged in the 52nd District Court, 1st
    Division, with operating a vehicle while under the influence of
    intoxicating liquor. The court, Brian W. MacKenzie, J., dis-
    missed the charge after finding that a police officer's investiga-
    tory stop of the defendant's vehicle was unreasonable and,
    therefore, the evidence obtained therefrom was obtained ille-
    gally. The prosecutor appealed, and the Oakland Circuit Court,
    Barry L. Howard, J., affirmed. The Court of Appeals, WAHLS,
    P.J., and HOOD and BRENNAN, JJ., denied leave to appeal
    (Docket No. 142935). The Supreme Court, in lieu of granting
    leave to appeal, remanded the matter to the Court of Appeals
    for consideration as on leave granted. 439 Mich 964 (1992).

On remand, the Court of Appeals *held:*

1. Erratic driving may give rise to a reasonable suspicion of
    unlawful intoxication so as to justify an investigatory stop by a
    police officer. Here, the defendant's erratic driving gave the
    police officer reasonable cause to suspect that the defendant
    may have been intoxicated.

2. Fewer foundational facts are necessary to support a finding
    of reasonableness when moving vehicles are involved. The
    investigatory stop here was a minimal intrusion of the defen-
    dant's Fourth Amendment rights in light of the defendant's
    potential danger to the public. The district court erred in
    concluding that the investigatory stop was unreasonable, and
    the circuit court erred in affirming that determination.

Reversed and remanded.

REFERENCES

Am Jur 2d, Searches and Seizures §§ 69, 70.
Law enforcement officer's authority, under Federal Constitution's
    Fourth Amendment, to stop and briefly detain, and to conduct
    limited protective search of or "frisk," for investigative purposes,
    person suspected of criminal activity—Supreme Court cases. 104
    L Ed 2d 1046.

1. Searches and Seizures — Automobiles — Reasonableness — Police.

> The following rules apply with respect to the stopping, searching, and seizing of motor vehicles: reasonableness is the test that is to be applied for both the stop and the search of moving motor vehicles; said reasonableness will be determined from the facts and circumstances of each case; fewer foundation facts are necessary to support a finding of reasonableness where moving vehicles are involved than if a house or a home were involved; and a stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police.

2. Searches and Seizures — Automobiles — Erratic Driving — Reasonableness.

> A person's erratic driving may give rise to a reasonable suspicion of unlawful intoxication so as to justify an investigatory stop of the person's vehicle by a police officer.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

*Terrance E. Klump,* for the defendant.

ON REMAND

Before: Weaver, P.J., and Shepherd and D. A. Johnston, III,* JJ.

Per Curiam. This case has been remanded to us from the Supreme Court for consideration as on leave granted.[1] In this appeal, the prosecutor argues that the circuit court erred in affirming the decision of the district court to dismiss OUIL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This Court originally denied plaintiff's application for leave to appeal, unpublished order of the Court of Appeals, decided November 21, 1991 (Docket No. 142935). The Michigan Supreme Court remanded the matter to us for consideration as on leave granted, 439 Mich 964 (1992).

charges[2] against defendant. The district court dismissed the case after finding that the police officer's stop of defendant's vehicle was unreasonable. We agree with the prosecutor's position that the stop was reasonable, and reverse and remand for further proceedings.

The prosecution developed the following evidence at the bench trial in the district court. On February 10, 1990, at approximately 10:30 P.M., Deputy Morgan of the Oakland County Sheriff's Department observed defendant's vehicle traveling west on Richardson Road in Commerce Township. Morgan recalled that he was in uniform in a fully marked patrol car at the time. Morgan followed defendant's vehicle for approximately one-half mile, and observed defendant's vehicle "drifting like to the right and left and driving on the lane markers." Morgan testified that the weather was dry and there was no ice or rain on the paved road.

At some point, defendant activated his left turn signal, traveling past numerous driveways and one side street before turning south at Newton Road. Morgan estimated that defendant had activated his turn signal approximately two-tenths of a mile before finally turning. Morgan followed defendant onto Newton Road and activated his overhead lights, and defendant pulled his vehicle over to the side of the road. Morgan testified that he stopped defendant to investigate defendant's extended use of his turn signal.

When Morgan asked defendant for his driver's license and vehicle registration, he immediately noticed a "very strong odor of alcohol or intoxicants coming out of the vehicle and from [defen-

---

[2] Defendant was charged with operating a vehicle while under the influence of intoxicating liquor, MCL 257.625(1); MSA 9.2325(1).

dant's] breath." Morgan recalled asking defendant why he had his turn signal on for so long, but could not remember defendant's answer. Next, Morgan asked defendant whether he had been drinking. Defendant replied that he had consumed a few beers. Morgan recalled that when defendant answered, his speech was slow and slurred. After defendant had some difficulty performing various field sobriety tests, he was arrested for OUIL.

The prosecution presented the foregoing testimony by Deputy Morgan at the bench trial in the district court. The prosecution also presented testimony by Deputy Scott, who had arrived on the scene while Morgan was administering the field sobriety tests. Scott's testimony confirmed much of Morgan's testimony. In particular, Scott confirmed defendant's difficulty with the field sobriety tests.

After presenting these two witnesses, the prosecution rested its case. Then, defendant moved for dismissal, arguing that the prosecution had presented insufficient evidence and that the police stop was unreasonable. The trial court then instructed the parties to submit briefs regarding the reasonableness of the police stop. At the close of a subsequent hearing concerning the matter, the district court ruled that the police stop was unreasonable and dismissed the charges against defendant. The circuit court affirmed the decision of the district court by an order dated July 9, 1991.

On appeal, we must first define the scope of our review. Our interpretation of the record is that the district court essentially dismissed the case on the basis of insufficient evidence. However, the district court's implicit finding of insufficient evidence was based on its decision that the evidence from the stop was obtained illegally. Accordingly, the prosecution has limited its argument on appeal to the issue of the reasonableness of the police stop.

Defendant's response is similarly focused on the reasonableness of the stop, but also includes a general argument contesting the sufficiency of the evidence. Herein, we limit our review to the question whether the district court could properly consider the evidence obtained during the police stop. On this question, the decision of the district court must be affirmed unless clearly erroneous, i.e., unless this Court is left with the definite and firm conviction that a mistake has been made. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).

It is well established that brief investigative stops short of arrest are permitted where police officers have a reasonable suspicion of ongoing criminal activity. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968); *People v Faucett,* 442 Mich 153, 168; 499 NW2d 764 (1993). The totality of the circumstances test is to be used in cases involving investigative stops. *Id.,* citing *United States v Cortez,* 449 US 411; 101 S Ct 690; 66 L Ed 2d 621 (1981). The *Cortez* Court warned against overly technical reviews of a police officer's common-sense assessment of the probability that criminal activity is afoot. *Faucett, supra* at 168.

In *People v Whalen,* 390 Mich 672, 682; 213 NW2d 116 (1973), our Supreme Court concluded that the following rules apply with respect to the stopping, searching, and seizing of motor vehicles and their contents:

> 1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.
> 2. Said reasonableness will be determined from the facts and circumstances of each case.
> 3. Fewer foundation facts are necessary to support a finding of reasonableness when moving

vehicles are involved, than if a house or a home were involved.

4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police.

In *People v Chinn,* 141 Mich App 92, 97; 366 NW2d 83 (1985), this Court found that Chinn's erratic driving supported a "reasonable suspicion that the defendant had ingested more alcohol than allowed under state law." Although the primary issue in *Chinn* was whether the officer had a duty to inform Chinn of his Miranda[3] rights, and although Chinn's driving appears to have been more erratic[4] than that of our defendant, we agree with the general principle that erratic driving can give rise to a reasonable suspicion of unlawful intoxication so as to justify an investigatory stop by a police officer.

In the case at bar, we believe that Deputy Morgan had reasonable cause to suspect ongoing criminal activity, i.e., that defendant may have been intoxicated. *Faucett, supra* at 168. Defendant's vehicle was seen swerving in the lane and driving on the lane markers. Defendant had his turn signal flashing for two-tenths of a mile before turning at the second side street. This would appear to be classic indicia of an intoxicated driver. Because fewer foundational facts are necessary to support a finding of reasonableness when moving vehicles are involved, *Whalen, supra* at 682, we hold that the trial court erred in concluding that

---

[3] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[4] Chinn's vehicle was seen swerving onto the left shoulder of the freeway, and at one point accelerated to seventy miles per hour while negotiating a fifty-miles-per-hour curve. *Chinn, supra* at 94.

the investigatory stop of defendant's vehicle was unreasonable. The investigatory stop was a "minimal intrusion" of defendant's Fourth Amendment rights in light of defendant's potential danger to the public. *People v Nelson,* 443 Mich 626, 637; 505 NW2d 266 (1993).

Because the courts below resolved this case on the issue of the investigative stop, we reverse and remand for further proceedings consistent with this opinion. However, our decision to reverse on this one issue is made without prejudice to any other issues that might be raised in the courts below.

Reversed and remanded.