# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES MICHAEL STAPLEY,

Defendant-Appellant.

UNPUBLISHED
April 27, 2017

No. 331413
Jackson Circuit Court
LC No. 15-004874-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right from his convictions following a bench trial of one count of carrying a concealed weapon (CCW), MCL 750.227, and one count of operating a motor vehicle with a high blood alcohol content, MCL 257.625(1)(c). Defendant was sentenced to concurrent terms of 365 days in jail for both convictions.[1] We affirm.

Defendant's argument on appeal is that the police officer who stopped his vehicle did not have the requisite reasonable suspicion to do so, and therefore the stop was illegal and all evidence obtained from the stop should have been suppressed. Defendant moved to suppress the evidence before the trial court, so the issue is preserved for appeal. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). We review the trial court's ultimate decision whether to suppress evidence de novo, as well as any underlying legal decisions, but the trial court's findings of fact are reviewed for clear error. *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011); *People v Tanner*, 496 Mich 199, 206; 853 NW2d 653 (2014). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

The gravamen of defendant's argument is that at the time of the traffic stop, neither officer involved had personally and directly observed defendant either consuming alcohol or driving in an erratic, unsafe, or improper manner; and the information the officer did have came from unreliable informants. Indeed, the officer who performed the stop expressly stated that he

---

[1] Defendant notes, and the prosecutor tacitly concedes, that his sentence was well over the guidelines, but because he has served the entirety thereof, he does not seek to appeal it.

did so entirely on information he had received from the dispatcher. Initially, however, there is no absolute legal prohibition against effectuating a traffic stop on the basis of reports from informants, and we are unpersuaded that the reports provided to the officer here were insufficiently reliable.

A police officer may briefly stop (a *Terry* stop[2]) a person for further investigation where the officer had "a reasonable, articulable suspicion to believe that the person has committed or is committing a crime given the totality of circumstances." *Barbarich*, 291 Mich App at 473.

> The brief detention of a person following an investigatory stop is considered a reasonable seizure if the officer has a reasonably articulable suspicion that the person is engaging in criminal activity. The reasonableness of an officer's suspicion is determined case by case on the basis of the totality of all the facts and circumstances. [I]n determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.
>
> Although this Court had indicated that fewer facts are needed to establish reasonable suspicion when a person is in a moving vehicle than in a house, some minimum threshold of reasonable suspicion must be established to justify an investigatory stop whether a person is in a vehicle or on the street. [*People v LoCicero* (*After Remand*), 453 Mich 496, 501-502; 556 NW2d 498 (1996) (quotation marks and citation footnotes omitted, alteration in original).]

"[I]n determining whether the totality of circumstances provide reasonable suspicion to support an investigatory stop, those circumstances must be viewed as understood and interpreted by law enforcement officers, not legal scholars." *People v Oliver*, 464 Mich 184, 192; 464 NW2d 297 (2001) (quotation marks and citation omitted).

Additionally, "when the circumstances involve an informant's tip, courts must examine whether the tipster's information contained sufficient indicia of reliability to provide law enforcement with a reasonable suspicion that would justify the stop." *Barbarich*, 291 Mich App at 474. To determine whether the information carried an indicia of reliability to give the officers reasonable suspicion, three factors must be examined: "(1) the reliability of the particular informant, (2) the nature of the particular information given to the police, and (3) the reasonability of the suspicion in light of the above factors." *People v Tooks*, 403 Mich 568, 577; 271 NW2d 503 (1978).

We think that law enforcement officers may reasonably rely on their dispatcher accurately conveying information the dispatcher received. The police officers testified that employees at an AT&T store identified defendant as visibly intoxicated and described the vehicle he was driving in substantial detail. Additional reports were received from motorists of a

---

[2] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

vehicle also matching that description driving in an erratic manner. The officers used what data they had to corroborate defendant's identity and home address. Defendant's vehicle and license plate matched the descriptions received, and the officer testified that he would not have stopped the vehicle had its "tag"[3] not matched. The fact that the AT&T employees were not directly identified does not make them truly anonymous because they could easily have been identified, and the information they gave was sufficiently consistent to indicate that it was reliable. Furthermore, it was not necessary for them to observe defendant drinking to perceive that he was intoxicated.

Similarly, it was not necessary for officers to personally observe defendant consuming alcohol or driving erratically. See *Barbarich*, 291 Mich App at 473. "It is not vital that [the officer] knew exactly what crime was being committed or would be charged when [he] decided to stop defendant, only that the circumstances justified the stop." *People v Estabrooks*, 175 Mich App 532, 538-539; 438 NW2d 327 (1989). The State's interest in preventing drunk driving is strong, see *Michigan Dep't of State Police v Sitz*, 496 US 444, 449-451; 110 S Ct 2481; 110 L Ed 2d 412 (1990), and "erratic driving can give rise to a reasonable suspicion of unlawful intoxication so as to justify an investigatory stop." *People v Christie*, 206 Mich App 304, 309; 520 NW2d 647 (1994). We find that under the totality of the circumstances, the police had a reasonable suspicion to conduct an investigative stop of defendant's vehicle even if they did not have probable cause to make an arrest at that time. See *Tooks*, 403 Mich at 580-581.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola

---

[3] Apparently referring to the license plate number.