*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOI MONEE ARAUZA,

Defendant-Appellant.

UNPUBLISHED
March 11, 2026
1:25 PM

No. 376568
Kent Circuit Court
LC No. 24-009260-FH

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

ACKERMAN, J. (*dissenting*).

I respectfully disagree with the majority's conclusion that the traffic stop lacked reasonable suspicion, because the record demonstrates that the officer had an objective basis to suspect that defendant was operating while impaired or distracted. Defendant approached Officer Zaiger's police car from behind so quickly that the officer felt compelled to change lanes to avoid a potential collision, even though another lane was available for defendant to pass safely. As defendant approached, her turn signal was activated and remained activated as she drove through two intersections and past driveways without attempting to turn. And the officer's dashboard camera shows defendant's vehicle drifting within its lane and even appearing to touch the right-hand lane marker shortly before the stop:



*Figure 1: Defendant's vehicle drifting toward the left lane marker.*



*Figure 2: Defendant's vehicle drifting toward and appearing to touch the right lane marker.*

These facts must be evaluated collectively. Courts assessing reasonable suspicion examine "the totality of the circumstances" to determine whether an officer had "a particularized and objective basis for suspecting wrongdoing." *United States v Arvizu*, 534 US 266, 273; 122 S Ct 744; 151 L Ed 2d 740 (2002) (quotation marks and citation omitted). In making that assessment, courts rely on the perspective of law enforcement officers and their "commonsense judgments and inferences about human behavior." *People v Oliver*, 464 Mich 184, 197; 627 NW2d 297 (2001) (citation omitted). "[F]actors that in isolation appear innocent may, in combination, provide a police officer with reasonable suspicion to justify an investigative stop." *Id.* at 193. Indeed, the Supreme Court has specifically rejected a "divide-and-conquer" analysis that evaluates each factor

separately rather than considering how they combine to form reasonable suspicion. *Arvizu*, 534 US at 274.

Viewed through that lens, the circumstances here readily support the traffic stop. Swerving within a lane, driving on lane markers, and prolonged use of a turn signal are "classic indicia of an intoxicated driver." *People v Christie*, 206 Mich App 304, 309; 520 NW2d 647 (1994). Defendant exhibited those indicators and more. Late at night, defendant approached the officer's car from behind at a speed that prompted the officer to change lanes,[1] continued through multiple intersections with her turn signal activated without turning—a circumstance that was particularly hazardous in context[2]—and drifted from side to side within her lane. Taken together, these circumstances provide far more than an "inchoate or unparticularized suspicion or hunch"; they constitute "a particularized and objective basis" to suspect impaired or distracted driving. *People v Pagano*, 507 Mich 26, 32; 967 NW2d 590 (2021) (quotation marks and citation omitted).

The majority reaches a different conclusion by focusing on "only two actions that indicated that [defendant] might have been driving while intoxicated: she drove straight through multiple intersections with her turn signal on, and she approached Officer Zaiger's cruiser from behind so quickly that he felt the need to change lanes."

The majority discounts the latter circumstance as a basis for reasonable suspicion, reasoning that the officer mistakenly believed the speed limit was 40 miles per hour, "so it is possible that defendant was traveling at a careful and prudent speed when she suddenly found herself behind a police cruiser driving *under* the speed limit." In my view, that reasoning places undue weight on the officer's mistaken understanding of the speed limit. Defendant was obliged not to operate her vehicle "at a speed greater than that which [would] permit a stop within the assured, clear distance ahead." MCL 257.627(1). Regardless of the precise speed limit, defendant approached the police car so quickly that the officer changed lanes to avoid a potential collision, even though another lane was available for defendant to pass safely. That alone may well have qualified as "a violation of the basic speed law." *Id*. The significance of that conduct lies not in the officer's estimate of defendant's speed, but in the hazard created by the rapid approach itself.

The majority also notes that there may be "plenty of sober explanations" for defendant's activated turn signal, such as "the inability to hear the signal click or see the light on the dashboard, distractions in the car, or an innocent lapse in memory." Perhaps so. But reasonable suspicion "need not rule out the possibility of innocent conduct." *Arvizu*, 534 US at 277. The question is

---

[1] Defendant's expert testified that she was traveling at 45.8 miles per hour, which slightly exceeded the 45-mile-per-hour speed limit. But the hazard arose from the manner in which defendant approached the officer's vehicle, not merely the precise speed at which she was traveling.

[2] On a freeway, a prolonged turn signal may simply suggest an impending lane change. But defendant was traveling in the right lane on 28th Street in Kentwood, where an activated signal could indicate an imminent turn. A driver entering the roadway might assume defendant intended to turn, creating a heightened risk of a head-on collision.

not whether each fact, viewed in isolation, proves impairment or distraction.  It is whether the circumstances, taken together, provide a reasonable basis to suspect it.  Here, I believe they do.

Because the objective circumstances furnished reasonable suspicion to support the traffic stop, I would affirm the trial court's order denying defendant's motion to dismiss.

/s/ Matthew S. Ackerman